UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22557-BLOOM

JAVIER RODRIGUEZ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF OKLAHOMA

**THIS CAUSE** is before the Court *sua sponte*. Plaintiff, Javier Rodriguez, is a federal prisoner currently incarcerated at FCI Big Spring in Big Spring, Texas. He has filed a "Motion to Obtain Case Number for Pending Suit and Asking for Extension of Time" (the "Motion"), ECF No. [1], which is an apparent request for this Court to give him additional time to file a suit against Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* However, "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]" *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). The Court's review of the Motion indicates that venue is clearly inappropriate in this District and that the entire action should instead be transferred to the Western District of Oklahoma.

"Proper venue for an FTCA claim is 'the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.'" *Wilson v. Obama*, 770 F. Supp. 2d 188, 192 (D.D.C. 2011) (quoting 28 U.S.C. § 1402(b)). When venue is improper, a court may, in the interest of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Additionally, "[f]or the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a) (alterations added).

Although Plaintiff's Motion does not describe the events which would give rise to a claim under the FTCA, Plaintiff provides a letter from Defendant's regional counsel denying Plaintiff's request for an administrative settlement. ECF No. [1-1]; *see also* 28 U.S.C. § 2672 (providing federal agencies with the power to "consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States"). In that letter, counsel for Defendant describes Plaintiff's claim as follows:

> You claim that on September 9, 2020, while incarcerated at the Federal Transfer Center (FTC) Oklahoma City, Oklahoma, you slipped and fell when released from your cell. You claim FTC staff negligently supervised inmate orderlies, leading to the floor outside your cell being saturated with spray and disinfectant. You claim there was no warning the floor was wet. You claim the fall caused injuries to your right shoulder, lower back, and right knee and that you have continuous pain in these areas. You claim the FTC failed to provide you adequate medical care and that your worry the pain may be permanent. You seek $1,500,000 in compensation.

ECF No. [1-1] at 2.

Based on the allegations presented in this letter, this Court is clearly an improper venue. Plaintiff currently resides in Big Spring, Howard County, Texas, which is located in the Northern District of Texas. *See* 28 U.S.C. § 124(a)(3). Meanwhile, *all* of the events (and presumably all of the relevant witnesses) related to Plaintiff's alleged injuries were at the Federal Transfer Center in Oklahoma City, Oklahoma County, Oklahoma, which is found in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Conversely, Plaintiff has failed to explain how any person or event in the Southern District of Florida (let alone the entire State of Florida) has a nexus with his FTCA claim against Defendant. Because none of the events giving rise to Plaintiff's FTCA claim took place in the Southern District of Florida—and given that all of the relevant events seemingly took place in Oklahoma City, Oklahoma—the Court finds that it would be in the interest of justice

Case No. 22-cv-22557-BLOOM

to transfer this case to the Western District of Oklahoma. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Accordingly, it is **ORDERED AND ADJUDGED** that this action shall be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma. All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Javier Rodriguez
64592-004
Big Spring FCI
Federal Correctional Institution
Inmate Mail/Parcels
1900 Simler Avenue
Big Spring, TX 79720